19-1659
Jiang v. Garland

BIA
Wright, IJ
A200 196 675

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-one.

PRESENT:
JOHN M. WALKER, JR.,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

TIANMING JIANG,
*Petitioner*,

v.                                                          19-1659
                                                            NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Troy Nader Moslemi, Esq.
                         Flushing, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General; Song
                         Park, Acting Assistant Director;
                         Virginia L. Gordon, Trial
                         Attorney; Eliza Collison, Law

Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tianming Jiang, a citizen of the People's Republic of China, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tianming Jiang*, No. A200 196 675 (B.I.A. May 13, 2019), *aff'g* No. A200 196 675 (Immigr. Ct. N.Y.C. Jan. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history, and the well-established standards of review. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

Jiang submits that the agency erred in finding that he failed to support his application for relief from removal with credible evidence. Under the circumstances, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*,

448 F.3d 524, 528 (2d Cir. 2006).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. That is not this case. Substantial evidence supports the agency's determination that Jiang was not credible as to his claim that police in China had detained and beaten him for practicing Christianity and would seek to harm him on his return because he had fled the country.

In finding Jiang's claim not supported by credible evidence, the agency reasonably relied on record inconsistencies regarding (1) whether Jiang had sought

3

medical treatment after his release from detention and (2) how his parents learned of his detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Jiang testified that he did not seek medical care for his injuries, but his father reported that he took Jiang for medical treatment immediately after his release. Further, Jiang testified that his parents had to call church members to discover that their son had been detained, but Jiang's father reported that someone came to their house to tell them of the arrest. Offered an opportunity to explain these inconsistencies, Jiang's responses were not so compelling as to require a factfinder to credit his evidence. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Jiang's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

4

general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Beyond his father's letter, which contained the two noted inconsistencies, Jiang submitted no evidence corroborating his religious persecution claim.

Given the inconsistency and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Moreover, there is no merit to Jiang's argument that the IJ failed to consider whether he has a well-founded fear of persecution on account of his religious practice in the United States because Jiang did not assert such a fear before the IJ, testifying only that he feared future harm for failing to report to police after his release from detention and unlawful entry to the United States.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court